### DETERMINED IN THE

## FIRST DISTRICT

#### OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1911.

---

### Edmonds-Metzel Mfg. Co., Defendant in Error, v. Elmer E. Hall, Plaintiff in Error.

### Gen. No. 15,447.

MUNICIPAL COURT—*when finding of court not disturbed.* A finding by a judge of the Municipal Court in a case tried by him without a jury will not be disturbed on review if substantial justice appears to have been done.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 13, 1911.

HARRY A. BIOSSAT, for plaintiff in error.

WALTER S. HOLDEN and G. FRED RUSH, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The judgment appealed from in this case was rendered by the Municipal Court sitting without a jury, in a suit brought against the defendant (plaintiff in error here) on a promissory note signed by him, on

(1)

which the amount of the judgment ($456.25) appeared from its face to be due on the date of the judgment.

The defense made below to the suit and insisted on here to reverse the judgment is that the note was without consideration.

We have considered the evidence and find this contention unfounded. It is needless for us to go into the matter of the original negotiations and of the original contract between the plaintiff in error, Hall, and the Edmonds-Metzel Co., touching the manufacture and sale of an article patented by Dr. Hall. We have considered it, but it plainly appears that the outcome of it all was not a "forfeiture" of the contract, but a cancellation of it by mutual agreement after differences had arisen between the parties. A part of that agreement—a part of the settlement of those differences—was the note in question, freely given, as it would appear to us, on sufficient consideration.

It is plain that the note was given in connection with the turning over of much material to the plaintiff in error, which he wanted and would not have been able to obtain from the defendant in error without litigation, at the very least, even if what he deemed his rights were finally established by such litigation. It is rather "duress" than want of consideration he is claiming. We see no evidence of any "duress." It does not suggest it at all to find that a year after giving the note, Dr. Hall, without complaint, asked and obtained a year's extension of the note on payment of interest, and at the end of another year paid $50 on account of it, again without complaint.

The judgment of the Municipal Court is affirmed.

*Affirmed.*